UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN SHROPSHIRE,

                    Plaintiff,

v.                                                    Case No:   6:19-cv-878-Orl-37EJK

BANK OF AMERICA,

                    Defendant.

_____/

REPORT AND RECOMMENDATION

This cause comes before the undersigned, referred from the Court, on Defendant's Motion
to Strike Plaintiff's Jury Trial Demand ("the Motion"). (Doc. 55.) Therein, Defendant requests that
Plaintiff's jury trial demand be stricken, and case be reset for a bench trial. (*Id.* at 1.) Plaintiff
responded in opposition (Doc. 59), and with leave from the undersigned (Doc. 61), Defendant
replied (Doc. 62). The Motion is therefore ripe for review. For the reasons set forth below, I
respectfully recommend that the Motion be granted.

I.      BACKGROUND

Plaintiff instituted this action against Defendant after it allegedly failed to comply with the
terms of its Mortgage Insurance Disclosure (hereinafter the "Disclosure"). (Second Am. Compl.,
Doc. 36, ¶ 3.) Plaintiff alleges that the Disclosure contained a provision by which Defendant should
have automatically terminated Plaintiff's private mortgage insurance ("PMI") at the earlier of two
events. (*Id.*) One event was the halfway point of Plaintiff's loan term, provided he was current on
payments. (*Id.*) The other event was when the principal balance on his loan (hereinafter the
"Balance") reached 75% of the original value of the property secured by the mortgage. (*Id.*)[1] Even

---

[1] The undersigned notes that both the allegations in the Second Amended Complaint and Exhibit

though both triggering events allegedly occurred, Defendant continued to charge Plaintiff for the PMI through the loan's maturity date, despite his written requests to terminate the PMI. (*Id.* ¶¶ 31–33.) Plaintiff also submitted a qualified written request ("QWR") for an appraisal or other valuation of the property; however, Defendant failed to provide a response to the QWR. (*Id.* ¶ 28.)

As a result of Defendant's conduct, Plaintiff brought this eight count action, with the following claims: violation of the Homeowners Protection Act ("HPA"), 12 U.S.C. § 4902(b), (d); common law breach of contract; violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692f, 1692e(2)(A); violation of the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statute § 559.72(9); common law negligent misrepresentation; violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605;[2] violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1641, 1642, 12 C.F.R. §1026.36(c)(1)(i); and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute §§ 501.201–501.213. (*Id.* ¶¶ 57–121.) Plaintiff also demanded "a trial by jury on all issues so triable." (*Id.* at 18.)

Defendant answered Plaintiff's Second Amended Complaint on February 13, 2020. Four months later, Defendant filed the Motion, citing the "Jury Trial Waiver" term of the mortgage agreement (hereinafter the "Mortgage"). (Doc. 55.) The Mortgage is attached to the Motion. (Doc. 55-1.)

---

A, attached thereto, use 75% and 78% of the Balance interchangeably. (Doc. 36, ¶¶ 3, 31, 62; Exhibit A at 1.) In stating that the triggering event is when the Balance reached 75% of the original value of the property, the undersigned is not making a factual finding or determination.

[2] Unlike the other counts, the RESPA claim relates to Defendant's failure to respond to the QWR and inform Plaintiff about transfers of his loan. (Doc. 36, ¶¶ 100–108.)

## II.    LEGAL STANDARD

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006) (citing *Brookhart v. Janis*, 384 U.S. 1, 4–5, (1966)). In making this assessment, courts in the Eleventh Circuit rely upon the following factors:

> (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel

(hereinafter the "*Allyn* factors"). *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004); *see also Brown v. Bd.*, Civil Action 16-093-KD-M, 2016 WL 4870541, at *2 (S.D. Ala. Aug. 22, 2016), *report and recommendation adopted*, 2016 WL 4771085 (S.D. Ala. Sept. 13, 2016); *GE Com. Fin. Bus. Prop. Corp. v. Heard*, 621 F. Supp. 2d 1305, 1311 (M.D. Ga. 2009). A particular number of factors do not have to be satisfied; instead, a court determines, in light of all the circumstances, whether "the waiver [is] unconscionable, contrary to public policy, or simply unfair." *Allyn*, 347 F. Supp. 2d at 1252. "Moreover, 'as the right of jury trial is fundamental, [we must] indulge every reasonable presumption against waiver.'" *LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993) (quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937)).

## III.    DISCUSSION

Defendant argues that Plaintiff's jury trial demand should be stricken from the Second Amended Complaint because of the purportedly enforceable Jury Trial Waiver in the Mortgage. (Doc. 55 at 1.) The Jury Trial Waiver is as follows: "[Plaintiff] hereby waives any right to a trial by jury in any action, proceeding claim, or counterclaim, whether in contract or tort, at law or in

equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. 55-1, ¶ 25.) Defendant argues that not only do the *Allyn* factors weigh in its favor, but also Plaintiff's claims fall within the scope of the Jury Trial Waiver. (Docs. 55 at 2–7; 62.) In response, Plaintiff argues that he did not knowingly or voluntarily waive his right to a jury trial, and even if he did, the HPA and consumer law claims[3] fall outside of the scope of the Jury Trial Waiver. (Doc. 59 at 3–5.) Upon review of the cited legal authority, the allegations in the Second Amended Complaint, and the Jury Trial Waiver, the undersigned finds that the jury trial demand is due to be stricken.

### A. The Jury Trial Waiver is Not Unconscionable, Contrary to Public Policy, or Unfair

Plaintiff argues that the Mortgage was a contract of adhesion, and as such, he was not in a position to remove provisions, including the Jury Trial Waiver. (Doc. 59 at 4.)[4] Plaintiff posits that he and Defendant, "a powerful nationwide and international banking institution" did not have equal bargaining power. (*Id.*) Relying on *LaMarca*, Plaintiff argues that the Court should "'indulg[e] every reasonable presumption against [the] [Jury Trial Waiver]," and not strike the jury demand. (*Id.*) (quoting *LaMarca*, 995 F.2d at 1544). In reply, Defendant cites authority to the contrary. (Doc. 62 at 2 (citing *Arango v Chase Home Fin., LLC*, No. 8:11-cv-2001-T-33EAJ, 2013 U.S. Dist. LEXIS 8998, *27 (M.D. Fla. Jan. 22, 2013).)

The undersigned finds *Arango* to be instructive. In *Arango*, the banking institution defendant moved to strike the jury trial demand, citing a jury trial waiver term in the mortgage agreement. *Arango*, 2013 U.S. Dist. LEXIS 8998, *23. The plaintiffs argued that the jury request

---

[3] The consumer law claims are the FCCPA, FDUPTA, RESPA, TILA, and FDCPA counts.

[4] The undersigned notes that Plaintiff argues that only the third and fourth *Allyn* factors weigh in his favor. (Doc. 59 at 4.) Because there is no argument was to the remaining three factors, the undersigned finds that Plaintiff does not contest the conspicuousness of the Jury Trial Waiver, Plaintiff's level of sophistication and experience, and attorney representation. As such, the discussion will be limited to the third and fourth *Allyn* factors.

should not stricken because they "did not knowingly and voluntarily waive their constitutional right to a jury trial . . . and [the] [p]laintiffs had no opportunity to negotiate the jury waiver provision [because] they were in a far weaker bargaining position than their lender." *Id.* at *24 (internal citations omitted). The court did not find the plaintiffs' argument persuasive, stating that while "it may be true that, when compared to the [d]efendant, the [p]laintiffs were 'unsophisticated;'. . . the [p]laintiffs were under no obligation to seek financing from [the] [d]efendant." *Id.* at *26 (relying on *Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010)). Further, to the extent that the plaintiffs were unable to negotiate, "no circumstances prevented [the] [p]laintiffs from walking away from the loan they were offered if they did not want to waive their right to a jury trial." *Id.* at *27.

Other courts in this District have relied upon the reasoning from *Arango* when holding that the jury trial waiver provisions in mortgage documents are enforceable under the *Allyn* factors. *See, e.g.*, *Schmidt v. Wells Fargo Bank, N.A.*, No. 8:20-cv-150-T-33AAS, 2020 U.S. Dist. LEXIS 68819, *9 (M.D. Fla. Apr. 20, 2020); *Deboskey v. Suntrust Mortg., Inc.*, No. 8:14-cv-1778-MSS-TGW, 2017 U.S. Dist. LEXIS 160017, *45 (M.D. Fla. Sept. 14, 2017). Therefore, the undersigned recommends that the Court find the Jury Trial Waiver enforceable.

**B.  The Jury Trial Waiver Relates to Plaintiff's Consumer Law and HPA Claims**

Plaintiff argues that the Jury Trial Waiver should not encompass his consumer law and HPA claims because this action, unlike the cases Defendant relies upon, does not arise out of debt collection practices for the Mortgage. (Doc. 59 at 5.) Instead, this action arises out of Defendant's failure to terminate the PMI and respond to the QWR. (*Id.* at 7–8) In support, Plaintiff heavily relies on *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2014 WL 12619888 (M.D. Fla. Aug. 5, 2014). Defendant argues that the allegations in the Second Amended Complaint

unequivocally allege that the claims arise out of the Mortgage. (Doc. 62 at 3.) Moreover, Defendant claims that *Wiand* is distinguishable from the instant case. Upon review, the undersigned agrees with Defendant.

In *Wiand*, the court denied a banking institution defendant's motion to strike the jury demand, which was filed pursuant to a jury waiver incorporated by reference in banking signature cards. *Wiand*, 2014 WL 12619888, at *1. Plaintiff tries to analogize the facts from this action to *Wiand* by asserting that the consumer law and HPA claims are "based on documentation that was provided separate and apart from the Mortgage." (Doc. 59 at 6.) However, Plaintiff's strained comparison overstates the *Wiand* court's rationale. The court evaluated the overall conspicuousness of the jury waiver provision. It noted that: 1) there was no express jury waiver in the banking cards; 2) the provision the banking institution defendant contended to be the jury waiver was an arbitration clause; 3) the arbitration clause was buried in a 16 page document where all the words, in the 20-line paragraph, were in all capital letters; and 4) the last line of the arbitration clause reads "you and we hereby waive the right to a trial by jury of all such claims." 2014 WL 121619888, at *3. When discussing why the jury wavier was not conspicuous, the court focused on the provision's location in the arbitration clause, not on whether the banking cards had an express jury waiver. *Id.* Therefore, while the omission of a jury waiver in the banking cards could have been a factor in finding that the jury waiver was not conspicuous, nothing in the case suggests that it was the determinative factor.

Plaintiff also argues that courts in this District have held that claims "require more than a simple but-for the existence of the [m]ortgage" to be deemed within the scope of a mortgage agreement's jury waiver. (Doc. 59 at 7–8 (relying on *Bray v. PNC Bank, N.A.*, 196 F. Supp. 3d 1282, 1286 (M.D. Fla. 2016)).) In *Bray*, the court denied a banking institution defendant's motion

to strike jury demand in an action for violations of the FCCPA. *Bray*, 196 F. Supp. 3d at 1286–87. The defendant argued that because it was attempting to collect a debt on a mortgage, the FCCPA claim arose out of the mortgage. *Id.* at 1286. The court disagreed, explaining that because the collection efforts were on a mortgage debt that was previously discharged during the plaintiff's bankruptcy proceedings, the FCCPA claim did not arise out of the mortgage. *Id.* 1286–1287.

The court's rationale in *Bray* is in line with the Eleventh Circuit's approach in determining whether a claim relates to a contract:

> In determining whether a claim "relates to" a contract, the Eleventh Circuit states that the dispute giving rise to the claim "occurs as a fairly direct result of the performance of contractual duties" while also indicating "some direct relationship" between the dispute and contract as an outer boundary such that "relates to" does not continue indefinitely.

*Levinson v. Green Tree Servicing, LLC*, No. 8:14-CV-02120-EAK, 2015 WL 1912276, at *2 (M.D. Fla. Apr. 27, 2015) (quoting *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340–41 (11th Cir. 2012)). The banking institution-defendant's actions in *Bray* could not have been a result of the performance of the mortgage agreement because it had already been discharged by bankruptcy proceedings.

In the instant case, the dispute giving rise to Plaintiff's consumer law and HPA claims occurred as a direct result of the performance of the Mortgage. The Mortgage contains provisions that would relate to the PMI and QWR. (Doc. 55-1, ¶¶ 10, 16.) Paragraph 10, entitled "Mortgage Insurance," states, in relevant part, that "[Plaintiff] shall pay the premiums required to maintain Mortgage Insurance in effect . . . until [Defendant]'s requirement for Mortgage Insurance ends in accordance with any written agreement between [Defendant] and [Plaintiff] providing for such termination or until termination is required by Applicable Law." (*Id.* ¶ 10.) Paragraph 16, which is entitled "Governing Law; Severability; Rules of Construction," provides that the Mortgage will

be governed by federal law, such as RESPA, and are subject to any requirements under the applicable law. (*Id.* ¶ 16.) These two provisions establish that Plaintiff's consumer law and HPA claims, which relate to Defendant's conduct with the PMI and QWR, arose out of Defendant's failure to perform its duties under the Mortgage. As such, the undersigned finds that the consumer law and HPA claims relate to the Mortgage.

## IV.    RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Motion (Doc. 55);

2. **STRIKE** Plaintiff's jury trial demand from the Second Amended Complaint; and

3. **RESET** this action for a bench trial.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 29, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record